UNITED STATES DISTRICT COURT
for the
DISTRICT OF MARYLAND

| | |
|---|---|
| Rosalee Wilson, et al., )<br>)<br>Plaintiff(s) )<br>)<br>v. )<br>) Civil Action No. 13-3497<br>Michael Turner, et al., )<br>)<br>Defendant(s) )<br>) | |

### DEFENDANT CHIGOZIE (CHAZIE) NNABUE'S MOTION TO DISMISS

Pursuant to Federal Rule 12(b)(6), Defendant Chigozie (Chazie) Nnabue hereby moves the Honorable Court to dismiss Plaintiff's Complaint with prejudice.

The Complaint alleges that Defendant Chigozie (Chazie) Nnabue violated numerous provisions of the Fair Debt Collection Practices Act ("FDCPA"), the Maryland Consumer Debt Collection Act ("MCDCA"), and the Maryland Consumer Protection Act ("MCPA").

As demonstrated in the accompanying Memorandum in Support of this motion, Defendant Chigozie (Chazie) Nnabue is resident agent and a member of Defendant America's Financial Trust, LLC, an entity properly registered and in good standing in Maryland, and is not personally liable for any alleged actions by the limited liability company.

Date: March 7, 2014

_____/S/_____
Ralph Laurence Sapia (Federal Bar #27220)
Law Office of Ralph L. Sapia, P.A.
744 Dulaney Valley Rd. Suite 5
Towson, MD 21204
ralph@sapialaw.com
410-828-8900 x 123
410-828-8969 fax


_____/S/_____
Robert L. Eric Robinson (Federal Bar #18740)
Law Office of Ralph L. Sapia, P.A.
744 Dulaney Valley Rd. Suite 5
Towson, MD 21204
robert@sapialaw.com
410-828-8900 x 125
41-828-8969 fax

TABLE OF CONTENTS

I. BACKGROUND..................................................................................................1

II. ARGUMENT......................................................................................................1

    A. As Resident Agent for America's Financial Trust, LLC Chigozie (Chazie) Nnabue is responsible for accepting service of process and is exposed to no liability.............................................................................................2

    B. As a member of America's Financial Trust, LLC, Chigozie (Chazie) Nnabue is not personally liable for any actions of the limited liability company unless he specifically directed the particular act(s) or participated therein...................................................................................................2

    C. The Complaint fails to state a claim upon which relief can be granted with regard to Chigozie (Chaze) Nnabue....................................................................................................3

III. CONCLUSION...................................................................................................4

# MEMORANDUM IN SUPPORT OF DEFENDANT CHIGOZIE (CHAZIE) NNABUE'S MOTION TO DISMISS

## I. BACKGROUND

The Complaint filed against Defendant Chigozie (Chazie) Nnabue, inter alia, alleges numerous violations of the Fair Debt Collection Practices Act, the Maryland Consumer Debt Collection Act, and the Maryland Consumer Protection Act. As demonstrated infra, the Complaint never alleges that Mr. Nnabue directed, encouraged, participated, or cooperated in any of the conduct complained of, yet repeatedly refers to Defendant Michael Turner and an unnamed "AFT agent" or "representative." Rather, the Complaint merely assigns personal liability to Mr. Nnabue simply by alleging, that Mr. Nnabue is the owner of America's Financial Trust, LLC and that America's Financial Trust, LLC is not a properly-formed entity in Maryland.

According to the Complaint the genesis of this action lies in the posting of a bail bond by Plaintiff Quintel Wilson, Sr. and the accompanying fee agreement required by the Maryland Insurance Administration. The Complaint alleges that the Plaintiffs were repeatedly contacted by Defendant Michael Turner, an employee of Defendant America's Financial Trust, LLC, and in the course of those contacts were subjected to abusive conduct prohibited by both federal and state law. The Complaint, aside from the caption and the identification as a Party in paragraph six, never mentions Defendant Chigozie (Chazie) Nnabue by name nor does the Complaint ever allege that Chigozie (Chazie) Nnabue personally contacted the Plaintiffs or personally engaged in any of the conduct complained of.

## II. ARGUMENT

As demonstrated below, the Complaint fails to state a claim upon which relief can be granted with respect to Defendant Chigozie (Chazie) Nnabue.

1

    A.    As resident agent, Chigozie (Chazie) Nnabue has no liability whatsoever for any actions of America's Financial Trust, LLC.

As resident agent for America's Financial Trust, LLC, Chigozie (Chazie) Nnabue is responsible for accepting service of process on behalf of the limited liability company. The resident agent serves no other purpose and his function has been codified by the Maryland legislature. See e.g. §14-12B-02(c) of the Commercial Law Article – resident agent serves "for receipt of service of process."

As the resident agent serves no other function, he is not personally responsible for any actions of the entity for which he acts as resident agent. The Defendant Chigozie (Chazie) Nnabue cannot be held liable in his capacity as resident agent for America's Financial Trust, LLC.

    B.    As a member of America's Financial Trust, LLC, Chigozie (Chazie) Nnabue is not personally liable for any actions of the limited liability company unless he specifically directed the particular act(s) or participated therein.

"A member of an LLC generally is not liable for torts committed by, or contractual obligations acquired by, the LLC." *Allen v. Dackman* 413 Md. 132 (2010). An individual may be liable for "torts personally committed, or which [he] inspire[s] or participate[s] in." *Id.* (quoting *Metromedia v. WCBM Maryland* 327 Md. 514 (1992). There is no allegation whatsoever that Chigozie (Chazie) Nnabue ever personally communicated with the Plaintiffs in any way and there is no showing that he ever did so. Moreover, the Plaintiffs never allege that Chigozie (Chazie) Nnabue directed, encouraged, inspired, or otherwise took part in the alleged conduct of the remaining Defendants. In fact, other than in the case caption, Chigozie (Chazie) Nnabue is mentioned by name only once in the Complaint, having been identified as a Party in paragraph six. Nowhere do the Plaintiffs claim that Chigozie (Chazie) Nnabue personally communicated with the Plaintiffs, that he personally insulted the Plaintiffs, that he personally lied to the Plaintiffs, or that he ever instructed another Defendant to do so.

2

In *Tedrow v. Deskin* the Maryland Court of Appeals stated "the general rule is that corporate officers or agents are personally liable for those torts which they personally commit, or which they inspire or participate in, even though performed in the name of an artificial body." 265 Md. 546 (referencing *Fletcher v. Western Nat. Life Ins. Co.* 10 Cal. App. 3d 376 (1970)). The Court went on in *Tedrow* to hold that "participation in the tort is essential for liability. If the officer takes no part in the commission of the tort committed by the corporation, he is not personally liable therefor (sic) unless he specifically directed the particular act to be done, or participated or cooperated therein." 265 Md. 546, 550 (1972).

Mr. Nnabue is not alleged to have communicated with the Plaintiffs. He is not alleged to have participates in any communications allegedly made by the remaining Defendants. He is not alleged to have encouraged any violation of federal or state law. The Complaint does not allege he did any of these acts, rather the Complaint bases Mr. Nnabue's liability solely on a claim that he is the "owner" of America's Financial Trust, LLC. Mr. Nnabue is in fact the resident agent and a member of America's Financial Trust, LLC, and with no showing of personal wrongdoing by Mr. Nnabue, and no allegation thereof, he is not responsible for any torts that may or may not have been committed by the remaining Defendants.

    C.    The Complaint fails to state a claim upon which relief can be granted with regard to Chigozie (Chaze) Nnabue.

When the Court rules on a motion filed pursuant to Rule 12(b)(6), it will "accept as true the allegations of the complaint and draw any permissible inferences therefrom in favor of the plaintiff." *Little v. FBI* 1 F. 3d 255 (1993). In *Ibarra v. United States*, the 4th Circuit agreed with *Little* stating that "well-plead allegations" will be accepted as true when faced with a motion filed under Rule 12(b)(6). 120 F. 3d 472 (1997).

3

The Plaintiffs have failed to plead at all, let alone plead well, any allegations that Chigozie (Chazie) Nnabue personally committed any of the alleged conduct complained of. The Plaintiffs have failed to plead that Chigozie (Chazie) Nnabue directed, encouraged, cooperated, or participated in any conduct complained of. The only allegation made against Mr. Nnabue is that he is responsible as the "owner." The Courts have repeatedly struck down Plaintiffs' theory of personal liability. The State legislature has codified in §4A-301 of the Corporations and Associations Article what the Courts have held time and again. The fact remains that Mr. Nnabue is not alleged to have done any act complained of, has no personal liability for any actions of the remaining Defendants, and as such, Plaintiffs have failed to state a sustainable cause of action against Chigozie (Chazie) Nnabue.

III.  CONCLUSION

For the reasons stated above, Chigozie (Chazie) Nnabue respectfully requests the Honorable Court dismiss the Complaint against him with prejudice.

Date:  March 7, 2014

_____/S/_____
Ralph Laurence Sapia (Federal Bar #27220)
Law Office of Ralph L. Sapia, P.A.
744 Dulaney Valley Rd. Suite 5
Towson, MD 21204
ralph@sapialaw.com
410-828-8900 x 123

_____/S/_____
Robert L. Eric Robinson (Federal Bar #18740)
Law Office of Ralph L. Sapia, P.A.
744 Dulaney Valley Rd. Suite 5
Towson, MD 21204
robert@sapialaw.com
410-828-8900 x 125

## UNITED STATES DISTRICT COURT
for the
DISTRICT OF MARYLAND

| | |
|---|---|
| Rosalee Wilson, et al., | ) |
|       Plaintiff(s) | ) |
| v. | ) |
| | ) Civil Action No. 13-3497 |
| Michael Turner, et al., | ) |
|       Defendant(s) | ) |

### Certificate of Service

I hereby certify that on this 7th day of March, 2014, I served either by electronic means, or by first-class postage prepaid mail, a copy of the foregoing Defendant Chigozie (Chazie) Nnabue's Motion to Dismiss, the Memorandum in Support thereof, and this Certificate of Service on:

Ms. Jane Santoni
Williams & Santoni, LLP
401 Washington Ave. Suite 200
Towson, MD 21204

Michael Turner
305 E. Joppa Rd.
Towson, MD 21286

America's Financial Trust, LLC
1646 Bond Rd.
Parkton, MD 21120

_____/S/_____
Ralph Laurence Sapia (Federal Bar #27220)
Law Office of Ralph L. Sapia, P.A.
744 Dulaney Valley Rd. Suite 5
Towson, MD 21204
ralph@sapialaw.com
410-828-8900 x 123
410-828-8969 fax