**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Chambers of                                                                                    101 West Lombard Street
**Ellen Lipton Hollander**                                                      Baltimore, Maryland 21201
District Court Judge                                                                                410-962-0742

May 12, 2014

MEMORANDUM TO COUNSEL

      Re:    *Wilson et al. v. Turner et al.*
               Civil Action No. 1:13-cv-03497-ELH

Dear Counsel:

      As you know, plaintiffs Rosalee Wilson and Quintel Wilson, Sr. filed suit on November 20, 2013, against three defendants: Michael Turner; America's Financial Trust, LLC ("AFT"); and Chigozie (Chazie) Nnabue. *See* ECF 1 ("Complaint"). In an Order dated April 11, 2014 (ECF 10), I observed that it appeared from the docket that only Mr. Nnabue had been served. *Id.* at 1-2.

      Plaintiffs filed an Amended Complaint (ECF 7) on March 24, 2014. However, the filing of the Amended Complaint did not reset the 120-day clock under Rule 4(m). *See, e.g.*, *Locke v. Fedex Freight, Inc.*, 2013 WL 5925542, at *5 (D. Colo. Nov. 4, 2013) ("[T]he 120-day period in Rule 4(m) does not re-start upon the filing of an amended complaint for any defendants identified in the original pleading."); *Sellers v. Royal Bank of Canada*, 2013 WL 1222668, at *1 (S.D.N.Y. Mar. 21, 2013) ("The 120 day time period within which to serve process on defendants under Rule 4(m) runs from the filing of the original complaint and not from the filing of the amended complaint."). And, because more than 120 days had passed since the filing of the original Complaint, I ordered plaintiffs "to show good cause within 21 days of the date of [the] Order why the suit should not be dismissed, without prejudice, as to defendants Michael Turner and America's Financial Trust, LLC, pursuant to Fed. R. Civ. P. 4(m) and Local Rule 103.8(a)." ECF 10 at 3.

      Plaintiffs filed a timely response on April 29, 2014. *See* ECF 12. They maintain that Mr. Nnabue was served on January 15, 2014, both in his individual capacity and in his capacity as AFT's resident agent. *Id.* at 2. Because Mr. Nnabue was served in both capacities, however, plaintiffs explain that "there was some confusion and it appears as if the only executed summons returned" to this Court "was the one showing service to him in his individual capacity." ECF 12 at 2. In any event, plaintiffs aver that AFT has been served, *id.* at 1-2, because Mr. Nnabue "is the resident agent for [AFT] and as such may accept service on their behalf." *Id.* at 2; *see* Fed. R. Civ. P. 4(h)(1)(B) (allowing service upon an agent of a corporation or unincorporated association).

      Moreover, on April 21, 2014, plaintiffs filed a document that they identify as "the executed summons for Mr. Nna[bue] as resident agent of [AFT.]" ECF 12 (citing ECF 11,

"Affidavit of Service"). The Affidavit of Service indicates that on January 15, 2014, service was effected "upon Chigozie (Chazie) Nnabue, R/A for America's Financial Trust, LLC, by personal service." ECF 11.

In view of the foregoing, I am satisfied that, with regard to AFT, plaintiffs have made a prima facie showing of compliance with Fed. R. Civ. P. 4(m) and Local Rule 103.8(a).[1]

As for defendant Michael Turner, plaintiffs acknowledge that Turner has not yet been served. ECF 12 at 2. As explained in both their response (ECF 12) and an attached Affidavit of Jane Santoni, Esq. (ECF 12-1), plaintiffs' counsel in this matter, plaintiffs have made various attempts to serve Turner. In particular, plaintiffs explain that attempts to serve Turner at AFT— which apparently was his employer as of at least December 2013—proved unsuccessful, possibly because plaintiffs did not know the relevant suite number at AFT's 305 E. Joppa Road location in Towson, Maryland. ECF 12 at 1-2; ECF 12-1.[2] Plaintiffs lack a home address for Turner and aver that, in part because of his common name, they have been unable to determine his address. ECF 12 at 4; ECF 12-1 at 2.

In light of plaintiffs' difficulties in serving Turner, they "belie[ve] that the only way to confirm Mr. Turner's accurate address is through discovery to [AFT]." *Id.* As such, they "request that this Court extend the time to serve Mr. Turner until 30 days after discovery responses are due from [AFT]." *Id.* However, in the normal course, discovery would commence only after (1) all defendants are served with the operative complaint, (2) all defendants file an answer, and (3) any motions to dismiss are resolved by the Court. Accordingly, plaintiffs' request amounts to an indeterminate, potentially months-long extension of the Rule 4(m) period.

In connection with plaintiffs' explanations as to why Turner has not yet been served, plaintiffs also note that they had been engaged in settlement efforts. *Id.* at 2. They assert: "Courts have also found that good cause for failure to serve a defendant may exist when serious settlement efforts are being undertaken between the plaintiff and one of the codefendants and that settlement between these parties would negate the need to serve the non-served defendant." *Id.* However, the cases on which plaintiffs rely involve circumstances in which plaintiffs had successfully effectuated service shortly after the 120-day period had expired. *Id.* (citing *Gambino v. Village of Oakbrook*, 164 F.R.D. 271 (M.D. Fla. 1995) (excusing non-compliance

---

[1] Plaintiffs noted that, as of April 29, 2014, AFT had "failed to respond to the law suit." ECF 12 at 2. Indeed, as of today, no counsel has entered an appearance on behalf of AFT and no responsive pleading to either the original Complaint or the Amended Complaint has been filed. Assuming that service on AFT was proper, AFT must respond to the Amended Complaint consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

[2] Plaintiffs also identify a further complication; the property management company for 305 E. Joppa Road informed plaintiffs' counsel that "although [AFT] is still using the address as an official address, it moved from the premises without a forwarding address," apparently in early 2014. ECF 12 at 4; *see also* ECF 12-1 at 2.

with 120-day requirement where plaintiff "tried to settle this case up to three days before the 120 day deadline and then delivered the Amended Complaints and Summonses overnight to the respective law enforcement agency to effectuate service"); *Assad v. Liberty Chevrolet, Inc.*, 124 F.R.D. 31 (D.R.I. 1989) (13-day delay in service beyond 120-day limit deemed excusable)). Based on plaintiffs' representations, it is not apparent that settlement discussions are ongoing; they assert only that, "prior to dismissing Mr. Nna[bue] as a defendant, the Plaintiffs were engaged in settlement efforts." ECF 12 at 3. Nnabue was dismissed as a defendant on April 11, 2014. ECF 10 (Order) at 2. Moreover, plaintiffs cite no authority endorsing an open-ended exemption from compliance with Rule 4(m) similar to the one they have sought.[3] As noted, plaintiffs are of the view that "the only way to confirm Mr. Turner's accurate address is through discovery to Defendant America's Financial Trust." ECF 12 at 4. But, they have not requested that this Court allow preliminary discovery from AFT regarding Mr. Turner's identity or location.

In light of plaintiffs' apparently legitimate difficulties in serving Turner, I am persuaded that an extension of the 120-day period under Rule 4(m) is warranted. *See, e.g.*, *Matthews v. Fordham*, 2014 WL 1122818, at *2 (D. Md. Mar. 19, 2014) (Blake, J.) (allowing for extension where defendant "could not be located"). Nevertheless, the Rule 4(m) deadline must be extended for an "appropriate" time. Therefore, by June 12, 2014, plaintiffs must either (1) serve Turner and file proof of service, or (2) file an appropriate motion seeking preliminary discovery on the limited issue of Turner's identity and whereabouts, and requesting a specified extension of the Rule 4(m) deadline. If neither filing is made by that date, Turner will be dismissed as a defendant, without prejudice.

Despite the informal nature of this Memorandum, it is an Order of the Court, and the Clerk is directed to docket it as such.

Very truly yours,

/s/

Ellen Lipton Hollander
United States District Judge

---

[3] I note that, upon encountering difficulty in serving Mr. Turner within Rule 4(m)'s 120-day period, plaintiffs did not seek an extension until after the Court issued its show cause order (ECF 10).