IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROSALEE WILSON, *et al.*,
   *Plaintiffs*,

v.

MICHAEL TURNER, *et al.*,
   *Defendants*.

Civil Action No. ELH-13-3497

**MEMORANDUM**

This Memorandum addresses the "Request for Entry of Default as to Defendant America's Financial Trust, LLC" (ECF 14, the "Motion"), filed by plaintiffs Rosalee Wilson and Quintel Wilson, Sr. Plaintiffs originally filed suit against three defendants, including America's Financial Trust, LLC ("AFT"), on November 20, 2013. *See* ECF 1 (Complaint).[1] Thereafter, plaintiffs filed an Amended Complaint (ECF 7, docketed March 24, 2014), which also named AFT as a defendant, among others.

On June 2, 2014, plaintiffs filed the Motion, in which they "request that the court enter a default against [AFT]." *See id.* at 2. Attached to the Motion is an affidavit of plaintiffs' counsel, titled "Affidavit in Support of Motion for Entry of Default" (ECF 14-1, "Aff."). According to plaintiffs, AFT was served with copies of the summons and the original Complaint (ECF 1) on January 15, 2014. *See* Aff. ¶ 3 (citing ECF 11, Affidavit of Service, docketed April 21, 2014). As plaintiffs correctly noted, at the time the Motion was filed, AFT had not yet filed any

---

[1] The other two defendants named in the original Complaint were later dismissed. *See* ECF 6 (notice of dismissal as to defendant Chigozie Nnabue) and ECF 28 (Second Amended Complaint, omitting Michael Turner).

responsive pleading.  *See* Aff. ¶ 5.  However, on June 6, 2014, four days after plaintiffs filed the Motion, AFT filed an answer (ECF 18).[2]

Entry of default and motions for default judgment are governed by Fed. R. Civ. P. 55. Requests for a clerk's entry of default are addressed in Fed. R. Civ. P. 55(a), which states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Under Fed. R. Civ. P. 55(b)(1), the clerk may enter a default judgment if the plaintiff's claim is "for a sum certain or a sum that can be made certain by computation." Nevertheless, "[i]n all other cases, the party must apply to the court for a default judgment," pursuant to Fed. R. Civ. P. 55(b)(2).

The Fourth Circuit has a "strong policy that cases be decided on the merits." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993). But, default judgment may be appropriate when the "adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

In my view, it would be inappropriate to grant plaintiffs' Motion, for several reasons. The first problem is procedural, in that the Motion does not clearly comply with the two-step process established by Fed. R. Civ. P. 55.  In particular, plaintiffs' Motion appears to request that this *Court* enter default as to AFT, before plaintiffs sought and obtained a *clerk's* entry of default.  *See Romero v. Barnett*, 2011 WL 1938147, at *2 (D. Md. May 20, 2011) ("'[A] fatal flaw with the defendants' approach is their blindness to the two-step process calling for the entry of default, followed by the entry of default judgment.' . . . . The defendants failed to implement the first step by asking the Clerk of the Court to enter default against the plaintiffs.") (citation

---

[2] Thereafter, plaintiffs filed a Second Amended Complaint (ECF 28, docketed July 25, 2014), with leave of court, which again named AFT as one of several defendants.

omitted); 10A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2682 (3d ed. 2004) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."). To be sure, the Motion invokes Fed. R. Civ. P. 55(a), which pertains to entry of default by the clerk. However, ECF 14 is identified on the electronic docket as a Motion for Default Judgment. And, the Motion does not clearly request that the *clerk* enter default; rather, plaintiffs "request that the *court* enter a default against [AFT]." *Id.* at 2 (emphasis added). *See also* ECF 14-3 (proposed order submitted by plaintiffs in connection with the Motion, containing a signature line for "Judge").

An additional barrier to the granting of the Motion is AFT's filing of an answer to the Amended Complaint on June 6, 2014. *See* ECF 18 (answer). As indicated, the Fourth Circuit adheres to a "strong policy" that "cases be decided on their merits." *Dow v. Jones*, 232 F. Supp. 2d 491, 494-95 (D. Md. 2002) (citing *Shaffer Equip. Co.*, 11 F.3d at 453). *See also, e.g.*, *Nam v. 7-Eleven*, 2014 WL 346654, at *1 (D. Md. Jan. 29, 2014); *J & J Sports Productions, Inc. v. Damico Properties, Inc.*, 2013 WL 1187037, at *2 (D. Md. Mar. 19, 2013); *Romero*, 2011 WL 1938147, at *2. An entry of default and granting of default judgment as to AFT would be unwarranted, given that AFT filed an answer (ECF 18) in response to the then-operative Amended Complaint just four days after plaintiffs filed their Motion, and plaintiffs could not have suffered any prejudice. As such, plaintiffs' Motion (ECF 14) will be denied.

I note, however, that neither AFT nor the other two defendants named in the Second Amended Complaint, which was docketed on July 25, 2014, have filed a response to the Second Amended Complaint. Accordingly, to the extent those defendants have been properly served,

they are directed to file a response to the Second Amended Complaint, consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.[3]

    A separate Order follows, consistent with this Memorandum.

Date:  September 2, 2014                /s/
                                          Ellen Lipton Hollander
                                          United States District Judge

---

[3] At appropriate times, plaintiffs may move for a clerk's entry of default pursuant to Rule 55(a), and a motion for default judgment pursuant to Rule 55(b), based upon the failure of a defendant to file a timely response to the Second Amended Complaint.